IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT T. MERSCH,

        Petitioner,

    v.

RICK COURSEY,

        Respondent.

Civil No. 10-538-MO

OPINION AND ORDER

    Nell Brown, Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger, Attorney General
    Kristen E. Boyd, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

...

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions for Sexual Abuse. Because petitioner's sole ground for relief is procedurally defaulted, the Amended Petition for Writ of Habeas Corpus (#17) is denied.

## BACKGROUND

On March 29, 2006, the Marion County Grand Jury indicted petitioner on one count of Using a Child in a Display of Sexually Explicit Conduct (a Class A felony) and five counts of Sexual Abuse in the Second Degree (Class C felonies). Respondent's Exhibit 102. Petitioner elected to plead guilty to the five counts of Sexual Abuse in the Second Degree and, in exchange, the State agreed to dismiss the more serious charge of Using a Child in a Display of Sexually Explicit Conduct. Respondent's Exhibit 103. As a result, the trial court sentenced petitioner to 120 months in prison and exempted him from any eligibility for early release programming.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Mersch*, 218 Or. App. 736, 180 P.3d 763, *rev. denied* 344 Or. 558, 187 P.3d 219 (2008).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of

2 - OPINION AND ORDER

his claims. Respondent's Exhibit 120. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 124, 126.

On November 8, 2010, petitioner filed an Amended Petition for Writ of Habeas Corpus raising a single claim. Specifically, petitioner alleges that the trial court violated his right to due process when it denied him eligibility for early release programs at sentencing, thereby misapplying Oregon state law and imposing an unauthorized sentence. Respondent asks the court to deny relief on the Amended Petition because petitioner failed to properly preserve his claim for federal habeas corpus review, and because the claim lacks merit.

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed

3 - OPINION AND ORDER

to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner raised two related assignments of error in his Appellant's Brief on direct review:

1. The trial court erred when it denied program eligibility for Counts 2 and 3, because it did not state on the record in open court substantial and compelling reasons to deny defendant consideration for leave, release, or programs under ORS 137.750.

2. The trial court erred when it denied program eligibility for Counts 4, 5, and 6, because it did not state on the record in open court substantial and compelling reasons to deny defendant

4 - OPINION AND ORDER

>     consideration for leave, release, or programs under ORS 137.750.

Respondent's Exhibit 106, pp. 4-5.

Petitioner's Appellant's Brief did not cite to any federal constitutional provision, nor did it reference a single federal case. Petitioner asserts that he nevertheless fairly presented a federal due process claim by citation to state cases which, in turn, cited federal cases. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) ("a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue.").

According to petitioner, his citation to *State v. Clark*, 205 Or. App. 338, 346 (2006) in his Appellant's Brief was sufficient to federalize his claim of trial court error because *Clark* discussed a federal constitutional challenge to a sentence and discussed the standards set out in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004). The record reveals, however, that petitioner's citation to *Clark* was only intended support his description of the kind of institutional programming from which the trial court excluded him. He described how the "potential benefits of ORS 137.750 are not entitlements" and that "once a sentencing court orders a defendant to be considered for programs, the defendant must satisfy additional Department of Corrections criteria for those programs in order to

5 - OPINION AND ORDER

obtain such benefits or not have them revoked." Respondent's Exhibit 106, p. 7.

This portion of *Clark* cited by petitioner was actually the basis upon which the Oregon Court of Appeals rejected Mr. Clark's Sixth Amendment claim. It is therefore highly doubtful that if petitioner was attempting to raise a federal claim, he would have cited this particular provision of *Clark* without attempting to distinguish his own case from it in any way. This is especially true where, as here, petitioner was represented by appointed counsel on appeal. Given the context in which petitioner cited *Clark*, it would not be reasonable to expect the Oregon Court of Appeals to assume petitioner was raising a federal claim.[1]

Even if petitioner's reference to *Clark* could be construed to properly alert the Oregon Court of Appeals to the presence of a federal constitutional claim, he gave every indication to the Oregon Supreme Court that he was limiting his argument to one of state law. In his Petition for Review, petitioner once again failed to cite any federal case or constitutional provision, did not cite to *Clark*, and characterized his case as one of trial court error "concern[ing] the interpretation of a statutory provision,

---

[1] Petitioner also asserts that he cited *State v. Virgil*, 197 Or. App. 407 (2005), which addressed the Sixth Amendment and both *Blakely* and *Apprendi*, and claims that this citation was also sufficient to fairly present his federal constitutional issue to the Oregon Court of Appeals. The court's review of the Appellant's Brief reveals no such citation.

6 - OPINION AND ORDER

namely ORS 137.750(1), as well as the effect of failing to follow the rule of trial court procedure established by ORS 137.750(1)." Respondent's Exhibit 108, p. 3. He even advised the Oregon Supreme Court that "**[t]he legal issue is one of state law** and would be an issue of first impression for this court." Respondent's Exhibit 108, p. 3 (bold added). "When a document has been written by counsel, a court should be able to attach ordinary legal significance to the words used in that document." *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003). Because petitioner clearly described his legal issue as one of state law, he failed to fairly present a federal issue to the Oregon Supreme Court.

Petitioner also attempts to rely on *State v. Soto-Nunez*, 211 Or. App. 545, 548-49 (2007), a case containing an analysis of federal constitutional law which the State referenced in its Respondent's Brief in the Oregon Court of Appeals. According to petitioner, the Oregon Supreme Court's decision in *Farmer v. Baldwin*, 346 Or. 67 (2009), shows that the Oregon Supreme Court may look to both parties' briefs filed in the Oregon Court of Appeals before determining whether to grant review. In this way he claims to have fairly presented his federal due process claim.

The governing law on exhaustion clearly states that it is the burden of a habeas petitioner, not the State, to fairly present federal claims to the requisite state courts. In addition, *Farmer's* holding was specifically limited to cases involving

7 - OPINION AND ORDER

*Balfour* briefing.[2]  *Id* at 70.  While petitioner was represented by counsel at every stage of his appeal, counsel never elected to file a *Balfour* brief on his client's behalf.

Moreover, fair presentation is a question of federal law, and the federal courts have concluded that a claim is fairly presented only if the litigant raises his federal constitutional claim at each and every level of state court review.  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  A claim is *not* fairly presented if a state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so."  *Id*; *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (in order to exhaust, a petitioner must present his federal constitutional issue "within the four corners of his appellate briefing.").  Consequently, even assuming petitioner's citation to *Clark* in the Oregon Court of Appeals was sufficient to present a federal constitutional claim to that court, petitioner did not raise such a claim in the Oregon Supreme Court where that court: (1) confronted only a state law issue in the counseled Petition for Review; and (2) is not presumed

---

[2] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal."  The defendant may then file the Section B segment of the brief containing any assignments of error he wishes.  *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

8 - OPINION AND ORDER

to look beyond the Petition for Review in order to find a federal claim.

Based on this record, the court concludes that petitioner failed to fairly present his claim to Oregon's state courts. Because the time for presenting the claim passed long ago, it is now procedurally defaulted. Petitioner does not argue cause and prejudice to excuse the default, nor does he attempt to make a colorable showing of actual innocence. Accordingly, relief on the Amended Petition is denied.

## **CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#17) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  19th  day of August, 2011.

                                /s/ Michael W. Mosman
                                    Michael W. Mosman
                                    United States District Judge